The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner John A. Hedrick and the briefs before the Full Commission. The appealing party has not shown good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the Opinion and Award.
* * * * * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
STIPULATIONS
1. On 11 May 1994, the date of plaintiff's alleged injury, the parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. On that date, an employment relationship existed between plaintiff and defendant-employer.
3. An Industrial Commission Form 22, Wage Chart, is stipulated into evidence.
4. Plaintiff's medical records from Timothy Weir, D.C., consisting of eighteen pages, are stipulated into evidence.
EVIDENTIARY RULINGS
The objections appearing in the deposition of Dr. Weir are OVERRULED.
* * * * * * * * * * *
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
FINDINGS OF FACT
1. At the time of the hearing, plaintiff was forty-three years old, married and the father of five children.
2. Plaintiff began working for defendant-employer on 19 February 1993 as a CNC operator on a furniture production line. In this position, plaintiff processed furniture parts using a router.
3. Plaintiff testified that during the morning of 11 May 1994 he was working at the router machine and that when he lifted a "skirt" he felt a pull in his back. Plaintiff further testified that he reported this incident to Linda Murdock, his team leader, within an hour of its occurrence.
4. Plaintiff finished his usual shift on 11 May 1994 and worked as scheduled until 23 May 1994. On that date, plaintiff presented to Timothy Weir, D.C. complaining of mid-back and chest pain. Plaintiff was treated with electric stimulation, hot packs and a chiropractic adjustment. Dr. Weir did not take any x-rays of plaintiff's back on this occasion.
5. Plaintiff did not report to work on May 23rd or 24th. When plaintiff returned to work on 25 May 1994, he notified defendant-employer of his alleged injury on 11 May 1994.
6. Prior to 11 May 1994, plaintiff had received an oral warning for excessive absenteeism. On 18 May 1995, plaintiff received a written warning for excessive absenteeism.
7. When plaintiff reported his alleged injury on 25 May 1994, he was called to the management office where he met with Steve Walker and Vickie Phelps. During this meeting, Ms. Phelps arranged for plaintiff to give a recorded statement to defendant-insurer. After giving a recorded statement, plaintiff left work and went to his home.
8. During the telephone conversation resulting in the recorded statement, plaintiff was asked by defendant-insurer, "Have you ever had any accident or injuries to your back before?" Plaintiff responded, "As I told Vickie, I did uh, have uh, two fractured discs a while ago and I have been seeing a chiropractor."
9. On 26 May 1994, defendant-employer terminated plaintiff for excessive absenteeism and failure to timely report an alleged work-related injury in violation of defendant-employer's policies. Standing alone, plaintiff's absences were sufficiently excessive to have warranted his dismissal.
10. On 26 May 1994, Dr. Weir x-rayed plaintiff's back. The x-rays, which were taken one day after plaintiff gave his recorded statement, revealed that plaintiff had compression fractures of his seventh and eighth thoracic vertebrae.
11. Plaintiff's compression fractures preexisted his alleged injury on 11 May 1994.
12. The evidence of record is insufficient to prove by its greater weight that the alleged incident on 11 May 1994 aggravated or accelerated plaintiff's preexisting condition.
* * * * * * * * * * *
Based upon the findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. Plaintiff did not sustain an injury by accident arising out of and in the course of his employment with defendant-employer. N.C. Gen. Stat. § 97-2 (6).
2. Plaintiff is entitled to no compensation under the North Carolina Workers' Compensation Act.
* * * * * * * * * * *
Based on the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
ORDER
1. Under the law, plaintiff's claim must be, and the same is hereby, DENIED.
2. Each party shall bear its own costs, except that defendants shall pay Dr. Weir $95.00 as an expert witness fee.
This the ____ day of December 1996.
 S/ _____________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
CONCURRING:
S/ ____________________ BERNADINE S. BALLANCE COMMISSIONER
S/ ____________________ J. RANDOLPH WARD COMMISSIONER
LKM/bjp